**James WIRTH, Plaintiff,**

v.

**COLLEGE OF THE OZARKS,
et al., Defendants.**

**No. 98–3141–CV–S–4.**

United States District Court,
W.D. Missouri,
Southern Division.

Aug. 26, 1998.

Robert L. Desselle, Desselle Law Office, Independence, MO, for Plaintiff.

Virginia L. Fry, Eric G. Jensen, Price, Fry & Robb, Springfield, MO, for Defendants.

## *ORDER*

FENNER, District Judge.

Defendants have moved the Court, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss several counts of Plaintiff's Amended Complaint. For the reasons discussed below, Counts II, IV, V, VI and VII of Plaintiff's Amended Complaint are dismissed.

### I. *12(b)(6) Standard.*

The purpose of a Rule 12(b)(6) motion is to resolve neither the merits of the claim nor the factual disputes therein; rather, it is to "test the formal sufficiency of the statement of the claim for relief." 5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (1990). In making this determination, the pleadings are construed in the light most favorable to the non-moving party and its allegations are taken as true. *Id.* § 1357. However, if after such an examination the non-moving party's claim is determined to be formally insufficient, "the court has no discretion as to whether to dismiss [the] complaint." *Id.*

### II. *Discussion.*

■ *First,* Defendants assert that Count II of Plaintiff's Amended Complaint should be dismissed to the extent it is based upon a claim of retaliation. In Count II, Plaintiff asserts that the College of the Ozarks retaliated and otherwise discriminated against him by terminating his employment on the basis of age and religion pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. To state a claim for retaliation under Title VII, Plaintiff must allege that (1) he engaged in activity protected under Title VII; (2) Defendants subsequently took adverse employment action against him; and (3) a causal relationship existed between the protected activity and the adverse employment action. *See Kim v. Nash Finch Co.,* 123 F.3d 1046, 1060 (8th Cir.1997).

In the case at bar, Plaintiff alleges that in 1989 he conducted a faculty survey which

"measure[d] career goals or preferences, time expenditures, criteria for faculty evaluation, job satisfaction, and evaluation of institutional climate of decision-making." Subsequently, Defendant Kenton Olsen, Dean of the College of the Ozarks, questioned Plaintiff regarding the survey and ordered that the survey be terminated. According to Plaintiff, from 1990 through 1997, he received either no pay raise or less than average pay raises. Additionally, Plaintiff's employment was terminated on April 24, 1997. Plaintiff also alleges that he is Catholic and was fifty-four years old when his employment was terminated. Defendants assert that Count II should be dismissed because Plaintiff has not alleged that he was engaged in activity which Title VII protects. The Court agrees.

■ Title VII prohibits employers from retaliating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). In the case at bar, Plaintiff alleges in Count II that he was retaliated against for conducting a survey to which his employer objected. Nowhere within Count II does Plaintiff claim he took action of the type described in § 2000e–3(a) which is protected by Title VII. Therefore, Plaintiff has failed to allege that he was engaged in protected activity and Count II of the Amended Complaint must be dismissed to the extent it is based upon a claim of retaliation.

*Second,* Defendants assert that Count IV of Plaintiff's Amended Complaint should be dismissed. In Count IV, Plaintiff asserts that the College of the Ozarks discriminated against him in his employment because he is Catholic in violation of Title VII and the Missouri Human Rights Act ("MHRA"), Mo. Rev.Stat. § 213.010 et seq. Defendants claim that the College of the Ozarks is exempt from actions for religion discrimination under Title VII and the MHRA because of

its status as a religious affiliated organization. The Court agrees.

Title 42 U.S.C. § 2000e–1(a) provides that Title VII "shall not apply ... to a religious corporation, association, educational institution, or society with respect to the employment of individuals of a particular religion to perform work connected with the carrying on by such corporation, association, educational institution, or society of its activities." Additionally, Title VII provides that

> it shall not be an unlawful employment practice for a school, college, university, or other educational institution or institution of learning to hire and employ employees of a particular religion if such school, college, university, or other educational institution or institution of learning is, in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society, or if the curriculum of such school, college, university, or other educational institution or institution of learning is directed toward the propagation of a particular religion.

42 U.S.C. § 2000e–2(e). Similarly, the MHRA provides that "corporations and associations owned and operated by religious or sectarian groups" are not subject to the employment discrimination provisions set forth in Mo.Rev.Stat. § 213.055. The record establishes that the College of the Ozarks falls squarely within the exemptions set forth by Title VII and the MHRA.[1]

■ The Presbyterian Church Synod founded the College of the Ozarks in 1906. In 1986, the college was incorporated in the state of Missouri as a not-for-profit corporation. The charter mission of the college is "providing Christian education for youth of both sexes, especially those found worthy but who are without sufficient means to procure such training." Additionally, the college is a member of the Coalition for Christian Colleges and Universities, a national organization of evangelical Christian institutions, and a member of the Association of Presbyterian Colleges and Universities.

---

1. Although this case is now before the Court upon a motion to dismiss, the parties refer to matters outside the pleadings in support of and in opposition to Defendants' motion to dismiss Count IV of the Amended Complaint. Therefore, for purposes of Count IV only, the Court will consider matters outside the pleadings to determine if Plaintiff can maintain a claim for religious-based discrimination against the College of the Ozarks.

While Plaintiff does not deny that the College of the Ozarks is a Christian-based college, in opposition to Defendants' motion to dismiss Count IV, Plaintiff points to the affidavit of Dr. Jerry C. Davis, President of the College of the Ozarks, in which he states that "[n]o particular denomination of Christianity is preferred or encouraged by the college but a strong belief in Christianity is practiced." According to Plaintiff, because the College of the Ozarks is a non-denominational Christian organization it cannot be exempt from his claims that his employment was unlawfully terminated on the basis he is Catholic because his views are also Christian. Plaintiff's argument is without merit.

The exemptions under Title VII and the MHRA apply, by their terms, to "religious corporations" notwithstanding the particular beliefs which the religious corporations seek to foster. *See* 42 U.S.C. § 2000e–1(a); Mo. Rev.Stat. § 213.010(6). The College of the Ozarks clearly meets the definition of a religious corporation and therefore is not subject to Title VII and MHRA claims based upon religion. Additionally, even if the Court disregarded the plain language of 42 U.S.C. § 2000e–1(a) and Mo.Rev.Stat. § 213.010(6), it is clear that the purpose of the exemptions encompasses the case at bar.

█ Even though a Christian corporation or organization is non-denominational, it nevertheless may subscribe to particular religious views with which other Christians do not agree, and conversely, it may disagree with the religious views of other Christians. Indeed, if the Court accepts Plaintiff's allegations as true, which it must on a motion to dismiss, the College of the Ozarks terminated Plaintiff's employment and otherwise discriminated against him because he is a member of, and subscribes to the views of the Catholic Church. If true, it necessarily follows that the college took such action because it did not subscribe to the religious views which Plaintiff espoused. This is precisely the situation for which the exemptions were enacted; the exemptions allow religious institutions to employ only persons whose beliefs are consistent with the views of the religious organization. *See Killinger v. Samford University,* 113 F.3d 196, 200 (11th Cir. 1997). Therefore, the College of the Ozarks is exempt from Plaintiff's Title VII and MHRA claims for religious discrimination. Count IV must be dismissed.

█ *Third,* Defendants claim that Plaintiff has failed to state a claim for relief under Count V of the Amended Complaint. Count V alleges that Kenton Olson and the College of the Ozarks violated Plaintiff's constitutional rights in violation of 42 U.S.C. § 1985. To state a claim under § 1985, a plaintiff must plead (1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of equal protection of the laws; (3) an act in furtherance of the alleged conspiracy; and (4) an injury to person or property or deprivation of a right or privilege granted to a U.S. citizen. *See Majeske v. Fraternal Order of Police,* 94 F.3d 307, 311 (7th Cir. 1996). Additionally, a plaintiff must show " 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators action.' " *Id.* (*quoting Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 267–68, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993)). Plaintiff has failed to state a claim under Count V because he has not pled any prohibited animus, only a dispute with Olson and the college over Plaintiff's election campaign for the Hollister School Board. Furthermore, to the extent Plaintiff bases Count V upon an allegation of religious discrimination, the claim fails as a matter of law because § 1985 cannot be invoked to protect rights created under Title VII. *See Foster v. Wyrick,* 823 F.2d 218 (8th Cir.1987).

*Finally,* Defendants claim that Plaintiff has failed to state a claim for negligence under Missouri law in Counts VI and VII of the Amended Complaint. Plaintiff alleges that the Board of Trustees of the college negligently failed to investigate his concerns during his removal from tenure. Additionally, Plaintiff contends that the "Faculty Welfare Committee" made up of several of the individual defendants, committed negligence by failing to stop the alleged breach of his employment contract by the College of the Ozarks. Counts VI and VII must be dismissed.

█ Plaintiff has not cited any authority, nor is the Court aware of any after extensive research, which suggests that a duty existed

between Plaintiff and the members of the Faculty Welfare Committee or the Board of Trustees under Missouri law. Missouri courts have not recognized a tort of "negligent investigation" or "negligent discharge" upon which Plaintiff bases Counts VI and VII. On the contrary, "the courts of this state have never recognized a mere breach of contract as providing a basis for tort liability." *Khulusi v. Southwestern Bell Yellow Pages, Inc.,* 916 S.W.2d 227, 230 (Mo.App.1995). The Court concludes that under Missouri law, Plaintiff cannot assert a claim for negligence arising out of his termination. Therefore, Counts VI and VII of the Amended Complaint must be dismissed.

### III. *Conclusion.*

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Dismiss Counts II, IV, V, VI, and VII of the Amended Complaint (Doc. # 19) is GRANTED.